IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **CYNTHIA BEHREND,** | CV 04-6232-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **JOANNE B. BARNHART, Commissioner, Social Security Administration,** | |
| Defendant. | |

**KATHRYN TASSINARI**
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, OR  97401
(541) 686-1969

       Attorneys for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**NEIL EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1024

**LUCILLE G. MEIS**
Office of the General Counsel
**DAPHNE BANAY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2113

>        Attorneys for Defendant

**BROWN, Judge.**

>    Plaintiff Cynthia Behrend seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Behrend's protective application for Disability Insurance Benefits (DIB) and found Behrend ineligible for Supplemental Security Income (SSI) benefits.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

>    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

>    Following a thorough and careful review of the record, the Court **AFFIRMS** the decision of the Commissioner.

## ADMINISTRATIVE HISTORY

>    Behrend filed an application for DIB on December 18, 2001, and an application for SSI on January 18, 2002.  The applications were denied initially and on reconsideration.  An Administrative

Law Judge (ALJ) held a hearing on May 14, 2003. The ALJ suspended the hearing, requested a neuropsychological evaluation of Behrend, and held a supplemental hearing on September 17, 2003. At both hearings, Behrend was represented by an attorney and Behrend testified. A vocational expert (VE) testified at the second hearing.

The ALJ issued a decision on December 16, 2003, in which he found Behrend was not entitled to benefits. That decision became the final decision of the Commissioner on May 24, 2004, when the Appeals Council denied Behrend's request for review.

## BACKGROUND

### I. Behrend's Testimony

Behrend was born on October 1, 1956, and was 46 years old at the time of the hearing. Tr. 68.[1] She completed high school and two years of college. Tr. 516. Her past relevant work was as a metal-processing worker and heavy-equipment operator. Tr. 558-59.

Behrend testified she has problems with her short-term memory and her liver as a result of alcoholism. Tr. 502-03, 509.

Behrend also testified she does dishes and laundry, watches

---

[1] Citations to the official transcript of record filed with the Commissioner's Answer on September 13, 2004, are referred to as "Tr."

3 - OPINION AND ORDER

television, reads, goes to the library, knits, and sometimes bird watches. Tr. 507, 543-44.

## II. Medical Evidence

Except when noted below, Behrend does not challenge the ALJ's summary of the medical evidence. Behrend, however, contends the ALJ did not properly determine her residual functional capacity (RFC).

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 16-19.

### **STANDARDS**

A claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests on the claimant to establish his disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g). *See also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140. *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe

5 - OPINION AND ORDER

impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. § 416.920(d). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the

Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(f)(1).

**II.  Evaluation of Alcohol and Drug Use**

42 U.S.C. § 423(d)(2)(C) provides:  "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." The "key factor [the ALJ] will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether [the ALJ] would still find [the claimant] disabled if [the claimant] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1). The ALJ must "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." *Id*. at § 404.1535(b)(2).

In effect, the ALJ may have to make two five-step inquiries. The ALJ first must conduct the five-step sequential inquiry as required under 20 C.F.R. § 404.1420 without considering the claimant's alcoholism or drug addiction. If the ALJ finds the claimant is not disabled, the inquiry is over. If the ALJ finds the claimant is disabled, however, the ALJ then must conduct the five-step inquiry a second time to determine the effects of alcoholism or drug addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

**III. The ALJ's Decision**

The ALJ found Behrend had not performed any substantial gainful activity since her alleged onset date of October 19, 2001. Tr. 23. The ALJ determined Behrend has depression, "alcoholism in partial remission-short term," and liver disease. Tr. 20. The ALJ, however, found these impairments do not meet or equal the listed impairments. Tr. 23. Behrend does not dispute the ALJ's finding.

The ALJ also determined Behrend retained the RFC "to perform light work activity that does not involve working around respiratory irritants or hazards, working at heights or climbing ropes, ladders or scaffolds." Tr. 21. The ALJ concluded Behrend could perform work as a merchandise marker, small-products assembler, and garment bagger. Tr. 22.

**DISCUSSION**

Behrend contends the ALJ erred when he allegedly: (1) failed to give clear and convincing reasons for rejecting Behrend's testimony; (2) failed to give clear and convincing reasons for rejecting the opinion of Alison Prescott, Ph.D., an examining physician; and (3) failed to prove Behrend retains the ability to perform other work in the national economy.

**I. The ALJ Did Not Err When He Rejected Plaintiff's Testimony.**

Behrend alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Behrend's testimony.

"If the ALJ finds that the claimant's testimony as to the severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002). When weighing the claimant's credibility, the ALJ may consider "inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas,* 278 F.3d

at 958.

The ALJ noted several medical examiners told Behrend that she needed to stop drinking, but she continued to drink. Tr. 21. For example, during Behrend's hospitalization in June 2002 for acute renal failure due to alcoholism, Eric Wingerson, D.O., told Behrend "if she does not die from her present situation, she should never, ever pick up alcohol again." Tr. 211. Similarly, Jeffrey D. Beckwith, M.D., urged Behrend in December 2002 "to continue with her sobriety." Tr. 435. Behrend, however, continued to drink alcohol.

In an October 18, 2002, intake assessment at Serenity Lane, an advisor noted Behrend was drinking again and exhibited "non-acceptance or resistance to severity of the problem despite serious adverse consequences/effects." Tr. 453. The advisor further noted Behrend "significantly lacks awareness of relapse potential with much difficulty postponing gratification." Tr. 453. Behrend checked herself out of the Serenity Lane program after two months. Tr. 454. In her discharge summary, another advisor noted Behrend refused to give urine samples, distanced herself from peers, and failed to come to treatment planning sessions. Tr. 454-55. Behrend reported drinking again in January and July, 2003. Tr. 536-37. Failure to seek or to follow a prescribed course of treatment is a relevant factor in assessing the credibility of a claimant's subjective complaints.

10 - OPINION AND ORDER

*See Meanel v. Apfel*, 12 F.3d 1111, 1114 (9th Cir. 1999).

The ALJ also noted Behrend stated she last saw Dr. Beckwith in February or March 2003, but, in fact, Behrend last saw Dr. Beckwith in December 2002. Tr. 21, 447, 501-02. In February 2003, Behrend called Dr. Beckwith's office and requested a refill of a prescription, but she was unable to tell the nurse the name of the motel she was in or the name of any pharmacy. Tr. 501-02.

On this record, the Court finds the ALJ adequately explained his reasons for finding Behrend's testimony concerning her physical limitations not credible. "Although the evidence . . . may also admit of an interpretation more favorable to [Behrend], . . . we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). The Court, therefore, concludes the ALJ did not err because he provided a legally sufficient basis supported by the record for rejecting portions of Behrend's testimony.

**II. The ALJ Did Not Err When He Rejected Dr. Prescott's Opinion**.

Behrend contends the ALJ improperly rejected the opinions of Dr. Prescott, an examining physician.

The ALJ must give "specific, legitimate reasons" for rejecting the opinion of an examining physician when that opinion conflicts with another physician's opinion or with evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

11 - OPINION AND ORDER

1989). When an ALJ rejects the opinion of an examining psychologist, he is required to state "clear and convincing reasons" if the opinion is uncontroverted and "specific, legitimate reasons" if the opinion is controverted. *Magallanes*, 881 F.2d at 751. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

On July 3, 2003, Dr. Prescott, a licensed psychologist, conducted a neuropsychological evaluation of Behrend. During that evaluation, Behrend reported she is very close to her family, including her eight siblings and two daughters. Tr. 464. Behrend also reported she attends three alcohol-recovery meetings per week. Tr. 465. Dr. Prescott administered a number of tests and reported Behrend was "much more comfortable on Verbal reasoning skills," and her Verbal Comprehension score "in the Average range is most representative or [Behrend's] true functioning." Tr. 467. Dr. Prescott concluded "[t]here is strong evidence of impairment with short term memory, concentration, sustained concentration, and working memory skills." Tr. 469. Dr. Prescott also concluded Behrend is "fairly socially isolated outside of her boyfriend and daughter" and diagnosed alcohol abuse and major depressive disorder. Tr. 469.

Dr. Prescott opined Behrend had a slight limitation in her ability to understand and to remember short, simple instructions;

12 - OPINION AND ORDER

a moderate limitation in her ability to carry out short, simple instructions; a marked limitation in her ability to understand and to remember detailed instructions; a marked limitation in her ability to carry out detailed instructions; and a moderate limitation in her ability to make judgments on simple, work-related decisions.  Tr. 470.

The ALJ, however, rejected Dr. Prescott's conclusion that Behrend could not remember a three-step instruction.  Tr. 20. The ALJ noted Behrend's testing showed verbal comprehension in the average range, and that Dr. Prescott opined this was "most representative of [Behrend's] true functioning."  Tr. 20, 467. The ALJ also rejected Dr. Prescott's conclusion that Behrend was socially isolated because Behrend reported she had close relationships with her eight siblings and two daughters and also attended three AA meetings per week.  Tr. 20, 464-65.

The Court, therefore, holds the ALJ did not err because he gave legally sufficient reasons for rejecting Dr. Prescott's opinions on Behrend's inability to remember a three-step instruction and regarding Behrend's social isolation.

**III. The ALJ Properly Found Plaintiff Could Perform Other Work Existing in Significant Numbers in the National Economy**

Behrend contends the limitations identified by Dr. Prescott would preclude Behrend from performing competitive work.  Behrend further contends her testimony, if credited, establishes she cannot perform any work in the national economy.

13 - OPINION AND ORDER

In his hypothetical, the ALJ asked the VE to assume an individual was limited to light work "as far as lifting, carrying, standing, walking, pushing, and pulling." Tr. 560. The ALJ further asked the VE to assume an individual was precluded from balancing or climbing, working at heights, working with dangerous machinery, and exposure to irritants. Tr. 560. The ALJ also included in his hypothetical that the individual was precluded from complex or detailed job duties or instructions, but was not precluded from simple repetitive tasks, duties, or instructions. Tr. 561.

The VE opined such a person would not be able to do Behrend's past relevant work. Tr. 561. The VE testified, however, the individual could perform other work in the national economy as a merchandise marker, small-products assembler, and garment bagger. Tr. 561-62.

As noted, the Court found the ALJ did not err when he rejected both Behrend's subjective complaints and Dr. Prescott's opinion regarding Behrend's inability to follow a three-step instruction. Considering the record as a whole, the ALJ's hypothetical to the VE, and the VE's testimony, the Court concludes the ALJ did not err when he found Behrend could perform other work existing in the economy.

**IV. Alcohol and Drug Use**

In his decision, he ALJ discussed the materiality of

Behrend's alcohol use.  Because the ALJ found Behrend was not disabled, however, the ALJ did not need to make a materiality determination of Behrend's alcohol use.

The Court finds the ALJ properly conducted the five-step analysis without considering the effects of Behrend's alcoholism. *See* Tr. 22 ("If the claimant has truly abstained from alcohol, her physical and mental abilities would continue to improve. Thus one would expect her physical and mental residual functional capacities to further expand.").

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

DATED this 27th day of July, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge